[Cite as *State v. Blauser*, 2022-Ohio-4.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| TYLER BLAUSER, | : | Case No. 2021 CA 00042 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Licking County
Municipal Court, Case No.
21TRC02046

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     January 3, 2022

APPEARANCES:

For Plaintiff-Appellee

TRICA M. MOORE
Assistant Law Director
40 W. Main Street
Newark, Ohio 43055

For Defendant-Appellant

CHRIS BRIGDON
8138 Somerset Rd.
Thornville, Ohio 43076

*Baldwin, P.J.*

{¶1}   Defendant-appellant Tyler Blauser appeals his conviction from the Licking County Municipal Court for operating a motor vehicle while under the influence. Plaintiff-appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

{¶2}   On March 10, 2021, appellant was cited for speeding in violation of R.C. 4511.21 and operating a motor vehicle while under the influence of alcohol/drug of abuse (OVI) in violation of R.C. 4511.191(A(1)(a). Appellant entered a plea of not guilty and a jury trial commenced on May 3, 2021. The following testimony was adduced at trial.

{¶3}   Trooper Zackeria Maust of the Ohio State Highway Patrol was on duty on March 6, 2021 and was in uniform in a marked cruiser. At approximately 1:09 a.m., Trooper Maust, using his radar unit, clocked appellant's vehicle as traveling 34 miles per hour in a 25 mile per hour zone. The Trooper initiated a traffic stop of appellant's vehicle. Appellant was the only person in the vehicle. When, after approaching appellant, he asked appellant where he was coming from, appellant indicated the Hub, which is a bar. Trooper Maust testified that he detected the odor of alcohol.

{¶4}   Trooper Maust then asked appellant if he had anything to drink and appellant said "uh no." Transcript at 56.  The Trooper then asked appellant if it was "uh no or no" and appellant was "very hesitant when he answered." Transcript at 56. Appellant then answered "no". Appellant's eyes were bloodshot and there were a lot of ashes in his ashtray. Appellant indicated that he smoked cigarettes.

{¶5}   Trooper Maust then asked appellant for the documentation on the vehicle. He testified that when appellant presented him with the same, he was "fumbling" with the

paperwork before handing it to the Trooper. Transcript at 57. Trooper Maust then asked appellant again if he had anything to drink "based on the strong odor" that he was detecting and appellant said that he had three beers. Transcript at 57. When the Trooper asked appellant to exit the vehicle so that he could determine if appellant was impaired, appellant refused to do so and became argumentative. Trooper Maust called for backup assistance.

**{¶6}** When the other officer arrived on the scene, appellant got out of his vehicle. Appellant was instructed to walk to the front of the Trooper's' cruiser and then stated that "he wasn't going to walk on a line which I did not request him to do at that time." Transcript at 58. Appellant refused to perform the horizontal gaze nystagmus, walk and turn, one leg stand and alphabet field sobriety tests. Trooper Maust testified that due to his close proximity to appellant, he could detect a strong odor of alcohol coming from appellant's breath. He testified that appellant was very "stand off" (sic) and was not very compliant. Transcript at 59. Appellant was then arrested for OVI. The following testimony was adduced when the Trooper was asked why he placed appellant under arrest:

**{¶7}** A: Um based on the time of night the defendants (sic) speed on the given road, um my personal contact with him as I stated, uh bloodshot eyes, hesitant, the line, recanting of the statements, admission um refusing all tests, based on those observations and (inaudible) I felt he was under the influence.

**{¶8}** Q: Now um Trooper Blauser (sic), you said the speed, now the speed was 34 in a 25, however based on your training is speed a possible indicator of someone under the influence?

**{¶9}** A: It is.

{¶10} Q: Okay, now do you base your whole decision to arrest only on the speed?

{¶11} A: Negative.

{¶12} Q: What do you base your arrest on?

{¶13} A: The personal contact and then the standardized field sobriety test if given.

{¶14} Q: Okay. And when you place someone under arrest what to you look at?

{¶15} A: I don't understand your question.

{¶16} Q: Okay. If I were to say the totality of the circumstances?

{¶17} A: Correct.

{¶18} Transcript at 63. Appellant refused to take a breath test.

{¶19} On cross-examination, Trooper Mauser testified that appellant's speech was not slurred and that he did not stumble over his words and that appellant was able to recite his cell phone number very quickly. He admitted that he did not have any clue of impaired driving from appellant's speech. Trooper Mauser further admitted that appellant did not sway or drift off when he walked and did not move around a lot when he was in the backseat of the cruiser. Trooper Mauser also testified that he knew appellant was a smoker and that a person could have bloodshot eyes due to a smoky room, a medical condition or allergies and that a person might fumble due to nervousness or anxiety.

{¶20} On redirect, Trooper Maust testified that on the video of the stop, appellant said "dude I fucked myself there" after admitting to the three beers. Transcript at 72. The Trooper also testified that on the video, appellant stated that he did not want to incriminate himself. Appellant never told the Trooper that he had any medical conditions or allergies

that would cause red eyes. Trooper Mauser also testified that the odor of alcohol was present in the backseat of his cruiser. On redirect, he conceded that he never asked appellant why he had bloodshot eyes.

{¶21} Appellant testified at trial on his own behalf. He testified that he was around smoke while at a bar and that he left the bar at around 1:00 a.m. after consuming three beers. When he left the bar, he had been up for around 14 or 15 hours.  Appellant denied having any difficulties in taking his driver's license out of his wallet or being aggressive towards the officer. Appellant explained that he had been diagnosed with generalized anxiety and that he had made the decision to remain in the car until a supervisor arrived on the scene. Appellant testified that he refused to take the field sobriety tests because a relative of his who had DUIs in his past had told him that all the tests did was incriminate you and that he should refuse the tests.

{¶22} On cross-examination, appellant testified that he did not like the taste of alcohol, but drank it to help with his anxiety and help him relax. Appellant testified that it was "almost like a medication" to him. Transcript at 97.  He testified that he generally feels the effects of alcohol after his third drink, but that he only had three beers in this case and did not get drunk. During his testimony, appellant admitted that he did not pay attention to his speed and speeding and that he lied to the Trooper about how much he had to drink because he did not want to incriminate himself. On redirect, he testified that when he was stopped, the three beers had very little effect on him. He testified that he drank on a full stomach.

{¶23} At the conclusion of the evidence and the end of deliberations, the jury, on May 3, 2021, found appellant guilty of OVI. Appellant previously had pled to the speeding

charge. Pursuant to a Judgment Entry filed on May 3, 2021, appellant was sentenced to 30 days in jail with 27 days suspended and fined $375.00. In addition, appellant's driver's license was suspended for a period of one year and appellant was placed on probation for a period of one year.

{¶24} Appellant now appeals, raising the following assignment of error on appeal:

{¶25} "I. THE CONVICTION OF APPELLANT OF OPERATING A VEHICLE WHILE IMPAIRED, IN VIOLATION OF O.R.C. 4511.19(A)(1) WAS IN ERROR AND, AFTER DRAWING REASONABLE INFERENCES, THE FINDING OF GUILT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I

{¶26} Appellant, in his sole assignment of error, argues that his conviction for OVI is against the manifest weight and sufficiency of the evidence. We disagree.

{¶27} As an initial matter, we note that to the extent that appellant argues that there was not probable cause to stop his vehicle, this issue should have been raised in a Motion to Suppress. Because appellant failed to file a Motion to Suppress raising the issue of probable cause, this issue is waived. See *State v. Rosso*, 9th Dist. Medina C.A. NO. 2410-M, 1995 WL 499781 and *State v. Wintermeyer*, 158 Ohio St.3d 513, 2019-Ohio-5156, 145 N.E.3d 278.

{¶28} Appellant contends that his conviction for operating a motor vehicle while under the influence is against the sufficiency and manifest weight of the evidence. The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a

challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

**{¶29}** In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins, supra*, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

**{¶30}** Appellant, in the case sub judice, was convicted of operating a motor vehicle in violation of R.C. 4511.19(A). Such section states, in relevant part, as follows:  (A)(1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:

**{¶31}** (a) The person is under the influence of alcohol, a drug of abuse, or a combination of them.

**{¶32}** Construing the evidence in a light most favorable to the prosecution, we find that any rational trier of fact could have found that appellant was operating his motor vehicle while under the influence of alcohol. As is stated above, appellant was stopped for speeding at 1:09 a.m. and admitted to having been at a bar. He smelled of alcohol, fumbled with documents, had bloodshot eyes and admitted, after first lying about it, to consuming three beers. Appellant also admitted that while he did not like the taste of alcohol, it helped him relax and with his anxiety. He stated that after the third beer, he generally started feeling the effects of the alcohol. Appellant initially refused to get out of his vehicle and was argumentative with the Trooper. Appellant refused both filed sobriety and breath tests.

**{¶33}** We find, therefore, that based on the totality of the evidence, appellant's conviction for operating a motor vehicle while under the influence of alcohol/drug of abuse is not against the sufficiency of the evidence. We further find that the jury did not lose its way in convicting appellant of OVI.

**{¶34}** Appellant's sole assignment of error is, therefore, overruled.

**{¶35}** Accordingly, the judgment of the Licking County Municipal Court is affirmed.

By: Baldwin, P.J.

Delaney, J. and

Wise, Earle, J. concur.